J-S31045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JOSEPH M. MARCHIONE, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: EMANUEL BET-ESFANDIAR | : : : : : : | |
| | : | No. 566 EDA 2024 |

Appeal from the Decree Entered January 11, 2024
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  1200 DE of 2022

BEFORE:  BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED NOVEMBER 18, 2024**

Emanuel Bet-Esfandiar ("Bet-Esfandiar") appeals from the January 11, 2024 decree of the Philadelphia County Court of Common Pleas Orphans' Court ("orphans' court"), which found that he did not meet the necessary burden of proof to establish an inter vivos gift and ordered him to place $123,962.13 into a constructive trust for the benefit of the Estate of Joseph M. Marchione (the "Estate").  We affirm.

We glean the following factual and procedural history from the certified record.  Joseph M. Marchione ("Decedent") died testate on March 28, 2021, in Philadelphia, Pennsylvania.  Before he died, he wrote two checks payable to himself and endorsed in blank.  On or about January 8, 2021, Bet-Esfandiar deposited one of these checks, in the amount of $100,000.00, into Bet-Esfandiar's personal bank account, and on or about February 17, 2021, he

deposited the second check, in the amount of $50,000.00, also into his personal bank account.[1] Meanwhile, on January 11, 2021, Decedent executed a will leaving the remainder of his estate to his friend, Barbara Roux. After his death, the register of wills granted letters testamentary to Harvey Iseman ("Executor") as executor of the Estate on June 1, 2021.

On October 14, 2022, Executor filed a petition for citation seeking to compel Bet-Esfandiar to return $150,000.00 to the Estate, account for Decedent's funds administered by Bet-Esfandiar as Decedent's agent under a power of attorney,[2] and be surcharged for costs incurred by the Estate. The orphans' court entered a decree on December 7, 2022, directing Bet-Esfandiar to show cause why the requested relief should not be granted. Bet-Esfandiar responded. The orphans' court issued a discovery scheduling order, and the parties appeared for an evidentiary hearing on August 15, 2023.

_____

[1] The nature of the relationship between Decedent and Bet-Esfandiar is unclear from the record. **See** Orphans' Court Opinion, 5/14/2024, at 6 (orphans' court noting that "there is no mention of the relationship of [Bet-Esfandiar] and [the] Decedent").

[2] Executor alleged that Bet-Esfandiar acted as Decedent's agent under a power of attorney when drawing $150,000.00 from Decedent's bank account, which Bet-Esfandiar denied. **See** Petition, 10/14/2022, ¶¶ 11-13, 26; Answer, 1/23/2023, ¶¶ 4, 10-12, 25. Notwithstanding his denial that he acted as Decedent's agent, Bet-Esfandiar alleged that "at some point" Decedent advised him that Decedent had named him as an agent under a power of attorney and executor of his will. **See** Answer, 1/23/2023, ¶ 4. There is no evidence in the certified record that Decedent appointed Bet-Esfandiar as an agent under a power of attorney, and Bet-Esfandiar is not named as executor in Decedent's will. **See** Hearing Exhibit, 8/16/2023, Ex. P-1 (Decedent's Will, 1/11/2021, ¶¶ III, VI).

At the hearing, the parties did not present any testimony. Executor presented Decedent's will and both checks at issue into evidence. The parties stipulated to the will and letters testamentary, that the signatures on the checks were in fact signed by Decedent, and that the amount in controversy was $123,962.13.[3, 4] Following the parties' submission of briefs, the orphans' court issued a final decree in favor of Executor, finding that Bet-Esfandiar did not meet his burden of proof necessary to establish an inter vivos gift and ordering him to place $123,962.13 into a constructive trust for the benefit of the Estate. This appeal followed.

On appeal, Bet-Esfandiar presents two questions for our review:

1. Whether the [orphans' c]ourt erred and/or abused its discretion in ruling that Bet-Esfandiar did not meet the burden of proof necessary to establish an inter vivos gift when the parties stipulated that [the] Decedent had endorsed, by his own hand, the two (2) checks in question in blank[?]

2. Whether the [orphans' c]ourt erred and/or abused its discretion in ruling that Bet-Esfandiar is required to return funds in the amount of $ 123,962.13 into a constructive trust when the parties stipulated that Decedent had

_____

[3] Before Decedent died, Bet-Esfandiar spent $26,037.87 of the $150,000.00 to pay for Decedent's household expenses and home health care. *See* Brief in Support of Petitioner's Position, 9/26/2023, at 2.

[4] *See* Orphans' Court Opinion, 5/14/2024, at 2-3. In their briefs before the orphans' court, the parties referenced a joint statement memorandum and three stipulations (Stipulations A through C) from the hearing held on August 15, 2023. *See* Brief in Support of Petitioner's Position, 9/26/2023, at 2; Brief in Opposition to Petitioner's Petition, 10/4/2023, at 1-2. While three hearing exhibits (Exhibits P-1 through P-3) are contained in the certified record, we are unable to locate the memorandum or stipulations.

> endorsed, by his own hands, the two (2) checks in question in blank[?]

Bet-Esfandiar's Brief at 5.[5]

"Our standard of review of the findings of an orphans' court is deferential." **In re deLevie**, 204 A.3d 505, 511 (Pa. Super. 2019) (citation and unnecessary capitalization omitted). "When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence." **Id.** "The orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." **Id.** "This Court's standard of review of questions of law is de novo, and the scope of review is plenary, as we may review the entire record in making our determination." **Id.**

Bet-Esfandiar argues that he met his burden of showing prima facie evidence of an inter vivos gift. Bet-Esfandiar's Brief at 6-8. He reasons that because Decedent endorsed the two checks in blank, "the instruments became

---

[5] Bet-Esfandiar fails to divide his argument into as many parts as there are questions, in violation of our rules of appellate procedure. **See** Bet-Esfandiar's Brief at 5-8; Pa.R.A.P. 2119(a). Further, Bet-Esfandiar fails to present any argument in support of his second issue, challenging the orphans' court directive for him to place funds into a constructive trust, resulting in waiver of that claim. **See** Pa.R.A.P. 2119; **Oceanview Prop. Mgmt. & Recovery Servs., LLC v. Baker**, 319 A.3d 508, 516 (Pa. Super. 2024) (stating "[t]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119" and this Court "shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument") (citations, quotation marks, and brackets omitted).

payable to the bearer of those checks," i.e., Bet-Esfandiar, and Decedent did not need to take any additional action to gift the two checks to him. *Id.* at 6-7. According to Bet-Esfandiar, without record evidence of Decedent's incompetency or any objection to Bet-Esfandiar's deposit of the checks before Decedent's death, they were inter vivos gifts. *Id.* at 7. He points to the fact that the will was dated three days after Bet-Esfandiar deposited the $100,000.00 check, without any mention of those funds in the will, as further support of Decedent's intent to gift the money to Bet-Esfandiar. *Id.* Bet-Esfandiar argues actual delivery occurred because the parties stipulated that Decedent endorsed the checks and Bet-Esfandiar is the one who actually deposited them into his personal bank account while Decedent was alive; he distinguishes the instant matter from a situation where instruments are endorsed in blank but not transferred or negotiated during the donor's lifetime. *Id.* at 7-8. Finally, Bet-Esfandiar argues that the Estate failed to rebut the presumption of an inter vivos gift, such as by evidence of a confidential relationship between Decedent and Bet-Esfandiar. *Id.* at 8.

"A valid inter vivos gift requires donative intent, delivery, and acceptance." *In re Estate of Cerullo*, 247 A.3d 52, 55 (Pa. Super. 2021) (citation omitted). "There must be evidence of an intention to make a gift accompanied by delivery, actual or constructive, of a nature sufficient not only to divest the donor of all dominion over the property, but to invest the donee with complete control." *Id.* (citation and brackets omitted). "Initially, the

burden is on the alleged donee to prove an inter vivos gift by clear, precise and convincing evidence." *Id.* (citation omitted). "Once prima facie evidence of a gift is established, a presumption of validity arises and the burden shifts to the contestant to rebut this presumption by clear, precise and convincing evidence." *Id.*

"Donative intent is the intention to make an immediate gift." *Wagner v. Wagner*, 353 A.2d 819, 822 (Pa. 1976) (citation and quotation marks omitted). Of particular relevance here, "[t]he legal effect of an endorsement in blank by the alleged donor is, per se, neither controlling nor indicative of the existence of a donative intent to make a gift to the alleged donee." *In re Pappas' Estate*, 239 A.2d 298, 300 (Pa. 1968). Where "there is no express indication of donative intent," it may "be inferred from the relationship between the donor and donee" where the relationship is "closer" than "a non-familial, close personal friendship." *Estate of Korn*, 480 A.2d 1233, 1237-38 (Pa. Super. 1984) (refusing to infer donative intent where a man and woman were "close personal friends" who intended to marry because there was no familial relationship between them at the time of the man's death) (citations omitted).

The orphans' court analyzed the issue of donative intent as follows:

> [Bet-Esfandiar] did not prove an express indication of donative intent. All that was proven was that the checks were

- 6 -

provided[6] to [Bet-Esfandiar] to deposit, and those funds were then used for the benefit of the Decedent alone, up until he passed away. [Bet-Esfandiar] never established that there was an intent by the [Decedent] that the remainder of the money after his passing was to be used as a gift to [Bet-Esfandiar].

Further, there is no mention of the relationship between [Bet-Esfandiar] and Decedent. From the inception of this matter, all the [orphans' c]ourt knows of this relationship is that the Decedent advised [Bet-Esfandiar] that he was named as Agent under Power of Attorney as well as being named Executor under the Decedent's will. [Bet-Esfandiar] never established the relationship that existed between himself and the Decedent.

Orphans' Court Opinion, 5/14/2024, at 5-6 (footnote and quotation marks omitted). Additionally, the orphans' court rejected Bet-Esfandiar's argument that the stipulation as to Decedent's signature on the back of the checks was sufficient to prove donative intent. *Id.* at 6-7. The orphans' court further found that Bet-Esfandiar's "use of the funds from the checks for Decedent's expenses while he was alive deepens the belief that the money was to be used for Decedent's benefit[ and] not to be used as a gift for [Bet-Esfandiar]." *Id.* at 7-8. Because Bet-Esfandiar failed to make a prima facie showing of donative intent, the orphans' court found the two checks were not inter vivos gifts and ordered him to place the funds in a constructive trust for the Estate. *Id.* at 6-8.

_____

6 The Estate contends there is no record evidence that Decedent "provided" or "gave" the checks to Bet-Esfandiar, and that it is "entirely possible that [Bet-Esfandiar] removed the checks from Decedent's home without the knowledge or consent of Decedent." Estate's Brief at 6. We are likewise unable to locate record evidence that Decedent provided or gave the checks to Bet-Esfandiar.

We agree. There is no record evidence that Decedent intended to gift the two checks to Bet-Esfandiar, and his reliance on Decedent's endorsement in blank on the checks is not "clear, precise, and convincing evidence" to make a prima facie showing of donative intent. *See Pappas' Estate*, 239 A.2d at 300. Nor may we infer donative intent from Bet-Esfandiar's purported relationship with Decedent; there is no record evidence of their relationship, much less any evidence that it was closer than a non-familial, close, personal friendship. *See Korn*, 480 A.2d at 1238.

Bet-Esfandiar failed to carry his burden to establish prima facie evidence of Decedent's donative intent to make an inter vivos gift, and he has an equitable duty to convey it to the Estate to prevent his unjust enrichment. *Truver v. Kennedy*, 229 A.2d 468, 474 (Pa. 1967) ("[A] constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."). Accordingly, we discern no abuse of discretion or error of law in the orphan court's directive for Bet-Esfandiar to place $123,962.13 into a constructive trust for the benefit of the Estate, and we affirm the decree of the orphans' court.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/18/2024</u>